**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10079 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:19-cr-00701-WHO-1 3:19-cr-00701-WHO |
| FILIBERTO ZAVALA-CRUZ, AKA Jose Luis Navarro-Camacho, AKA Filiberto Zavala, AKA Julio Zavala Cruz, AKA Julio Zavala-Cruz, AKA Filiberto Zavala-Medina, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted July 11, 2023
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Filiberto Zavala-Cruz ("Zavala") appeals from his guilty-plea conviction for

illegal reentry following removal, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err in denying Zavala's motions to dismiss the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

indictment. First, Zavala argues that the removal order upon which his conviction was predicated was fundamentally unfair under 8 U.S.C. § 1326(d)(3) because of ineffective assistance of counsel and procedural errors. This argument is unavailing because Zavala failed to establish prejudice from any defect in the immigration court proceedings. *See United States v. Gonzalez-Flores*, 804 F.3d 920, 927–29 (9th Cir. 2015). Zavala did not make "a plausible showing that an [immigration judge] presented with all of the facts would exercise discretion" to grant him voluntary departure. *Id.* at 927 (internal quotation marks omitted). Because we affirm the district court's decision with respect to prejudice, we need not address Zavala's arguments as to the other elements of a collateral attack under 8 U.S.C. § 1326(d).

Second, as Zavala concedes, any omissions in the notice to appear did not deprive the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 (9th Cir. 2022) (en banc).

**AFFIRMED.**